IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Lorenzo Elmore, #138418,  )<br>                                                             )   C/A No. 9:16-1064-MBS<br>                             Petitioner,         )<br>                                                             )<br>          vs.                                                )<br>                                                             )   **ORDER AND OPINION**<br>Scott Lewis, Warden of Perry Correctional  )<br>Institution,                                          )<br>                                                             )<br>                             Respondent.      )<br>_____)| |

      Petitioner Michael Lorenzo Elmore is an inmate in custody of the South Carolina Department of Corrections who currently is housed at Perry Correctional Institution in Pelzer, South Carolina. Petitioner, proceeding pro se, has petitioned under 28 U.S.C. § 2254 for writ of habeas corpus, alleging that he is being detained unlawfully.

## I. FACTS AND PROCEDURAL HISTORY

      Petitioner pleaded guilty in the Colleton County, South Carolina, Court of General Sessions on May 1, 1989, to burglary first degree, grand larceny, armed robbery, and murder. The trial judge sentenced Petitioner to incarceration for a period of life for murder and concurrent terms of twenty-five years as to the remaining charges, the sentences to be served concurrently to time Petitioner then was serving for previous convictions in Orangeburg County, South Carolina. On or about February 29, 1996, Petitioner filed an application in state court for post-conviction relief (PCR). The matter came before the Honorable Jackson V. Gregory for a hearing on February 25, 1997. The PCR judge issued an order dismissing Petitioner's PCR application on March 31, 1997. Petitioner did not appeal the PCR judge's order.

      Petitioner filed a second PCR application on or about May 24, 2012. The Honorable Carmen

T. Mullen determined that Petitioner's second PCR action should be summarily dismissed as successive under S.C. Code Ann. § 17-27-90. According, the second PCR judge issued a conditional order of dismissal on September 4, 2012. A final order of dismissal was issued on April 2, 2015.

Petitioner filed the within action seeking federal habeas review on March 31, 2016.[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.

Respondent Scott Lewis, Warden of Perry Correctional Institution, filed a return and motion for summary judgment on August 22, 2016. Respondent asserts, among other things, that Petitioner's § 2254 petition is time-barred because it was filed outside the applicable one-year limitations period. See 28 U.S.C. § 2244. By order filed August 23, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition on September 27, 2016.

On September 30, 2016, the Magistrate Judge issued a Report and Recommendation in which he determined that the within § 2254 petition is barred by the applicable limitations period set forth in § 2244(d)(1)(A) or d(1)(D). Accordingly, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted and the § 2254 petition dismissed. Petitioner filed objections to the Report and Recommendation on October 24, 2016, to which Respondent filed a reply on November 10, 2016.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

---

[1] Petitioner is given the benefit of a filing date of March 31, 2016, although the § 2254 petition was not filed with the Office of the Clerk of Court until April 4, 2016. See Houston v. Lack, 487 U.S. 266, 270-76 (1988).

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

## II. DISCUSSION

Section 2244 provides, in relevant part:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 2244(d) is part of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996.

Petitioner objects to the Magistrate Judge's finding that the within § 2254 petition is untimely

under § 2244(d)(1)(A). Petitioner appears to contend that application of the limitations period deprives him of his right to habeas corpus. To the contrary, the United States Supreme Court has ruled that the AEDPA does not violate the Suspension Clause, Art. I, § 9, cl. 2. Felder v. Turpin, 518 U.S. 651, 652 (1996).

Because Petitioner was convicted prior to the enactment of the AEDPA, Petitioner was required to file his petition for writ of habeas corpus no later than April 24, 1997, one year from the effective date of the AEDPA, unless the time for filing was tolled. See Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998). In this case, Petitioner's one-year period was tolled under section 2244(d)(2) during the pendency of his first PCR proceeding, which commenced February 29, 1996, until April 30, 1997, the expiration of the thirty-day period during which Petitioner could have appealed the first PCR judge's decision. Thus, the one year limitations period commenced on this date and expired one year later, on April 30, 1998. Petitioner did not seek federal habeas review until March 31, 2016, when he filed his § 2254 petition. Petitioner's second PCR application did not toll the limitations period because that application was not filed until May 2, 2012, well beyond the one year limitations period that expired on April 30, 1998.[2] The court concludes that the within petition is time-barred under § 2244(d)(1)(A). Accord Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Petitioner's objections are without merit.

Petitioner contends that the Magistrate Judge erred in finding Petitioner's § 2254 petition is not reviewable under §2244(d)(1)(D). Petitioner contends that he located a letter regarding forensic testing on March 21, 2013, that had not previously been available to him through the exercise of due

---

[2] Moreover, a successive PCR application generally is not considered to be "properly filed" within the meaning of § 2244(d)(2), and thus does not toll the limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 412-16 (2005).

diligence. Petitioner asserts that the forensic evidence could have been exculpatory.

Assuming for purposes of summary judgment that Petitioner could not have obtained this information through the exercise of due diligence, Petitioner would have been required to seek habeas review no later than March 21, 2014. Petitioner waited over two years to file the within action. The limitations period was not tolled during the pendency of Petitioner's second PCR proceeding because the second PCR application was not "properly filed." Petitioner's objections are without merit.

### III.  CONCLUSION

For the reasons stated herein and in the Report and Recommendation, Respondent's motion for summary judgment (ECF No. 17) is **granted**. Petitioner's § 2254 motion is denied and dismissed, with prejudice.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
Senior United States District Judge

Charleston, South Carolina  
January 4, 2017

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**